IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XPO LOGISTICS, INC., | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. 1:23cv1087 |
| | § | |
| TRANSBORDER EXPRESS INC., | § | |
| Defendant | § | |

## COMPLAINT

XPO Logistics, Inc. ("XPO"), Plaintiff herein, complains of Transborder Express Inc. ("TBE"), Defendant herein, and in support would show as follows:

## I.
## PARTIES

1. Plaintiff, XPO Logistics, Inc., is a freight broker and carrier duly authorized to conduct business in Texas. XPO has paid the claim of Ford Motor Company ("Ford"), the owner of the Cargo made the basis of this lawsuit, and is subrogated to the rights of Ford. XPO brings this action on its own behalf and on behalf of and for the interests of all parties who may be or become interested in the Cargo in question.

2. Defendant, Transborder Express Inc., is a transportation company which regularly engages in business in Texas as a common carrier of goods by road for hire. TBE regularly conducts business in Texas, but does not maintain a regular place of business in Texas or a designated agent for service of process. TBE may be served with Complaint and Summons via the Texas Secretary of State at its home office address, 1110 North Main Street, Algonquin, Illinois 60102, or wherever TBE may be found.

## II.
## SUBJECT-MATTER JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1337, and 49 U.S.C. § 14706 as this matter involves damage to cargo transported in interstate commerce by truck and the amount in controversy for each receipt or bill of lading at issue exceeds $10,000.00, exclusive of interest and costs.

## III.
## VENUE

4. Venue is proper in the Western District of Texas, Austin Division, as the underlying accident at issue occurred in Hays County, Texas, within this District and Division.

## IV.
## RESPONDEAT SUPERIOR

5. Whenever XPO alleges that TBE did any act or thing, it is meant that TBE's officers, agents, servants, employees or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of TBE or done in the normal and routine course and scope of employment of TBE's officers, agents, servants, employees or representatives.

## V.
## FACTS

6. On behalf of Ford, XPO (a freight broker and carrier) retained TBE to transport a shipment of automotive engine parts ("Cargo") from Texas to Missouri. On or about February 9, 2021, TBE's truck was involved in an accident, resulting in a fire which destroyed the Cargo. Under XPO's contract with Ford, XPO was responsible to Ford for

any damage to the Cargo. Pursuant to their contract, Ford offset the value of the Cargo from invoices Ford owed to XPO in the amount of $221,379.60.

7. The Cargo was in good order and condition at the time TBE received it, and TBE failed to deliver the cargo due to an accident.. XPO filed a timely claim with TBE for the loss, but although TBE never denied the claim in whole or in part, TBE subsequently ceased all communication with XPO and failed to pay any portion of the claim.

## VI.
## CARMACK AMENDMENT

8. TBE received the Cargo in good order and condition for transportation. A fire destroyed the Cargo during the course of transportation due to an accident while the Cargo was in the custody and control of TBE. TBE failed to deliver the Cargo to its destination in the same good order and condition as TBE received it. TBE thus breached its duties and obligations as a common carrier, which breaches proximately caused the loss in question.

## VII.
## DAMAGES

9. As a direct and proximate cause of the breaches set forth above, CMC has suffered damages in the amount of at least TWO HUNDRED TWENTY-ONE THOUSAND THREE HUNDRED SEVENTY-NINE AND 60/100 DOLLARS ($221,379.60), plus prejudgment interest, postjudgment interest, and all costs of court.

## IX.
## CONDITIONS PRECEDENT

10. All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

## X.
## PRAYER

11. WHEREFORE, PREMISES CONSIDERED, Plaintiff XPO prays that, upon final trial, XPO have judgment against Defendant TBE as follows:

   a. Actual damages of at least $221,379.60 for the above-stated cause of action;

   b. Prejudgment interest and postjudgment interest at the maximum legal rate;

   c. All costs of court; and

   d. For such other and further relief, general or special, at law or in equity, to which Plaintiff XPO may show itself justly entitled.

Respectfully submitted,

/s/ *Robert G. Moll*
ROBERT G. MOLL
Admitted WD Texas
Texas Bar No.: 00784622
1903 Blooming Park Lane
Katy, Texas 77450
Telephone:   (713) 540-2780
E-mail:        texlaw1992@aol.com

**ATTORNEY FOR PLAINTIFF**